UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MOHAMMAD KHORAMI,<br>    *Plaintiff*,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF<br>STATE, et al.,<br>    *Defendants.* | No. 1:24-cv-2082 (MSN/LRV) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction, or, in the alternative, Motion for Summary Judgment (ECF 12). Plaintiff Mohammad Khorami seeks a writ of mandamus compelling the adjudication of his fiancé's visa application. But a consular officer considered and officially refused the visa application. Accordingly, this Court lacks jurisdiction to command further action. For that reason, and for the reasons that follow, this Court will GRANT Defendants' Motion to Dismiss and DISMISS Plaintiff's claims.

### I. BACKGROUND

#### A. Statutory Background

Under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, a foreign national generally may not be admitted into the United States without a visa. The K-1 visa allows a foreign national with a U.S. citizen fiancé(e) to enter the United States for the purpose of "conclud[ing] a valid marriage" within ninety days of arrival. 8 U.S.C. § 1101(a)(15)(K)(i); 8 C.F.R. § 214.2(k). The K-1 visa process proceeds in two steps. *First*, the U.S. citizen fiancé(e) submits a Form I-129 Petition for Alien Fiancé(e) ("Form I-129F") with United States Citizenship and Immigration Services ("USCIS") on behalf of his or her foreign fiancé(e). 8 C.F.R. §

214.2(k)(1). If USCIS approves the Form I-129F, USCIS forwards the approved petition to the U.S. consulate in the foreign fiancé(e)'s home country. 22 C.F.R. § 41.81(a)(1). *Second*, the foreign fiancé(e) submits additional forms—including a Form DS-160 Online Nonimmigrant Visa Application—and brings certain documents to the interview at the U.S. consulate in his or her home country. 22 C.F.R. § 41.103. At the conclusion of the interview, the consular officer must issue the visa, refuse the visa, or discontinue granting the visa if there is an outstanding order under 8 U.S.C. 1253(d). *See* 22 C.F.R. § 41.121(a). If the consular officer determines that the applicant fails to meet his or her burden to establish eligibility for the visa, the consular officer must deny the application under INA § 221(g). *See* 8 U.S.C. § 1201(g)[1]; 22 C.F.R. § 41.121(b)(1). The application is then placed in administrative processing for further consideration, during which time the applicant may submit additional information to the officer. *See* 9 Foreign Affairs Manual ("FAM") § 306.2-2(A)(a)(2).

B. **Factual Background**[2]

Plaintiff, Mohammad Khorami, a United States citizen, is engaged to Azadeh Paknezhad, a citizen and current resident of Iran. ECF 1 ¶¶ 1, 2. On November 2, 2022, Plaintiff filed an I-129F fiancé visa petition, which, if approved, would allow Paknezhad to enter the United States to get married and obtain lawful permanent resident status. *Id.* ¶¶ 11–14. USCIS approved that petition on November 29, 2023, and the State Department scheduled a visa interview for Paknezhad, which occurred on January 17, 2024. *Id.* ¶¶ 14, 16. At the conclusion of Paknezhad's visa interview, a consular officer refused her application pursuant to 8 U.S.C. § 1201(g), finding that she failed to establish her eligibility for the visa and that additional screening was required.

---

[1] Due to reordering of the INA, 8 U.S.C. § 1201(g) is the proper citation for INA § 221(g).
[2] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

2

ECF 13 ¶¶ 4-5. Since that date, no further action has been taken on Paknezhad's visa application. *Id.* ¶ 6; ECF 1 ¶ 16.

### C. Procedural History

On November 20, 2024, Plaintiff commenced this action, requesting that this Court "issue a writ of mandamus compelling Defendants to adjudicate a long-delayed fiancé visa application." ECF 1 at 1. Plaintiff brings two claims for relief: (1) a claim for agency action unlawfully withheld and unreasonably delayed, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b)[3] ("Count I"), *id.* ¶¶ 18-28; and (2) a due process claim "for Defendants' combined failures provide a reasonable and just framework of adjudication in accordance with applicable law," in violation of the Fifth Amendment to the U.S. Constitution ("Count II"), *id.* ¶¶ 29-32.

Defendants moved to dismiss Plaintiff's complaint, contending that his APA claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and his due process claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 13 at 2. In the alternative, Defendants moved for summary judgment on the grounds that "Plaintiff cannot demonstrate unreasonable delay in the security screening of his fiancée's visa application." *Id.* Plaintiff opposed the motion (ECF 16), and Defendants filed a reply (ECF 19). This matter is therefore ripe for resolution.

---

[3] Section 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties ... and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). A court may "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1).

3

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a complaint on the grounds that a court lacks subject matter jurisdiction. A motion under 12(b)(1) may argue either "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," or that "the jurisdictional allegations of the complaint were not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiff bears the burden of establishing a jurisdictional basis for their claims, and absent a showing of facts establishing this basis by a preponderance of the evidence, the case must be dismissed. *Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). In determining jurisdiction, the district court must "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768–769 (4th Cir. 1991).

### B. Failure to State a Claim

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." E.*l. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).

### III.  ANALYSIS

####   A.  APA Claim

This Court does not have subject matter jurisdiction over Plaintiff's APA claim because Plaintiff has not identified a clear, nondiscretionary duty to act. The APA "does not provide judicial review for everything done by an administrative agency." *Invention Submission Corp. v. Rogan*, 357 F.3d 452, 459 (4th Cir. 2004) (internal quotations omitted). Rather, a court can only compel agency action that has been "unlawfully withheld or unreasonably delayed" where a plaintiff asserts "that an agency failed to take a *discrete* agency action that it is *required to take*." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365–66 (4th Cir. 2021) (quoting *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original)). "But where an agency is *not required* to do something," a court "cannot compel the agency to act—let alone to act faster." *Id.* at 366 (emphasis in original); *see also City of New York v. U.S. Dep't of Def.*, 913 F.3d 423, 432 (4th Cir. 2019) ("Just like the traditional mandamus remedy from which [5 U.S.C. § 706(1)] is derived, claims to compel agency action are 'limited to enforcement of a specific, unequivocal command,' over which an official has no discretion." (quoting *Norton*, 542 U.S. at 63)).

Here, contrary to Plaintiff's contention, there is no further action that the government is required to take. Defendants' non-discretionary duty pursuant to 22 C.F.R. § 41.102(a) was fulfilled when the consular officer refused the visa application pursuant to INA § 221(g). *See Turner v. Blinken*, 2024 WL 4957178, at *5 (D. Md. Dec. 3, 2024) ("[M]any courts in the Fourth Circuit have held that refusal of a visa under § 221(g) fulfills immigration officials' discrete, non-discretionary duty regarding visa applications." (collecting cases)). The government introduced evidence that the visa was refused. ECF 13-1 (Decl. of William Charles Herrington). And Plaintiff

failed to rebut this evidence.[4] Accordingly, Plaintiff has failed to establish a basis for this Court's jurisdiction by a preponderance of the evidence. *Vuyyuru*, 555 F.3d at 347; *see also Berenjian v. Blinken*, 2024 WL 3732451, at *3 (E.D. Va. Aug 8, 2024) (holding that because plaintiff failed to "identif[y] a discrete agency action the government must take," this Court lacked jurisdiction over Plaintiff's APA and Mandamus Act claims).

To the extent Plaintiff seeks to assert claims directly under the Mandamus Act, that statute does not independently confer jurisdiction. *See, e.g.*, *Jahangiri v. Blinken,* 2024 WL 1656269, at * 14 (D. Md. Apr. 17, 2024) ("Courts have determined that they lack jurisdiction to decide claims for mandamus relief which would be duplicative of their cause of action under the APA."). And here, where Plaintiff seeks to compel *agency action*, relief based on a writ of mandamus is "functionally identical" to relief based on the APA. *Hyatt v. U.S. Pat. & Trademark Off.*, 146 F. Supp. 3d 771, 781 & n.25 (E.D. Va. 2015); *see also Berenjian*, 2024 WL 3732451, at *4 ("[T]he government does not have a 'clear duty' to take any particular action after it has timely refused a visa, so there is no jurisdiction over Plaintiff's claim for mandamus.").

Accordingly, this Court will dismiss Plaintiff's APA claim for lack of subject matter jurisdiction.

### B.     Due Process

This Court finds that Plaintiff has failed to state a cognizable due process claim. Plaintiff contends that "[t]he combined delay and failure to act [on the visa application] by Defendants has violated [his] due process rights." ECF 1 ¶ 31. But "a citizen does not have a fundamental liberty

---

[4] This Court rejects Plaintiff's argument that "consideration of this declaration is [not] appropriate at this juncture." *See* ECF 16 at 1. "Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *Vuyyuru*, 555 F.3d at 348 (quoting *Adams*, 697 F.2d at 1219.

interest in h[is] noncitizen spouse being admitted to the country." *Department of State v. Muñoz*, 602 U.S. 899, 909 (2024). Accordingly, Plaintiff "cannot state a due process claim because []he does not have a constitutionally protected liberty interest in h[is] spouse obtaining a visa." *Ameen v. U.S. Dep't of State*, 2024 WL 3416264, at *4 (E.D. Va. July 15, 2024).

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the government's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment[5] (ECF 12) is GRANTED; and it is further

ORDERED that the Complaint is DISMISSED.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

April 24, 2025
Alexandria, Virginia

---

[5] The Court need not reach the merits of Defendants' summary judgment motion based on Plaintiff's failure to survive the motion to dismiss stage.